IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PERRY B. DIXON | : |
| Plaintiff, | : |
| VS. | : NO. 7:04-CV-5(HL) |
| Lt. BAILEY, Chaplain MILLER, TED PHILBIN, and DONALD BARROWS | : |
| Defendants. | : |

**RECOMMENDATION**

This is a *pro se* § 1983 action brought by a State of Georgia prisoner who was incarcerated at Valdosta State Prison when he filed this suit on or about January 17, 2004.[1] All of the defendants are or were employed by the Georgia Department of Corrections at Valdosta State Prison.

On March 2, 2004, the assigned United States District Judge adopted the recommendation of the undersigned that the claims brought against defendants Bailey, Philbin and Barrows be dismissed (documents # 8, 12). The plaintiff filed no objections to the recommendation of dismissal. Thus, the only claims remaining are those brought against defendant Chaplain Miller.

On April 21, 2005, defendant Chaplain Miller filed his pre answer motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (document # 14). Plaintiff was given this court's customary notice of the filing of the motion to dismiss and of this right to file a response in opposition to the granting of the motion on June 3, 2004 (document # 15). That notice, served upon plaintiff by mail, advised him that his failure to respond to the motion could result in a

---

[1] Information relative to this plaintiff contained on the Georgia Department of Corrections web cite indicates that he was most recently housed at Coastal State Prison with a tentative parole month of November 2005, and a maximum release date of February 8, 2006. It is therefore possible that he has been released on parole.

recommendation of dismissal and gave him thirty days from his receipt of the motion in which to file his response.  A review of the electronic docket in this case reveals that neither the plaintiff's service copy of the recommendation of dismissal as to the other three defendants nor the notice of defendant Miller having filed his motion to dismiss have been returned to the office of the Clerk of Court.  It may therefore be presumed that plaintiff received both documents.  As in the case of the earlier recommendation of dismissal, plaintiff has not filed a response in opposition to the pending motion to dismiss.

The last activity undertaken by the plaintiff in this matter occurred twenty-two months ago when he filed a motion seeking appointment of counsel.  Further, it does not appear that the plaintiff has contacted the court to make inquiry as to the status of his case since the filing of his complaint.  Given this obvious lack of interest in prosecuting this matter, it would be appropriate to grant a motion to dismiss predicated upon the plaintiff's failure to diligently prosecute were such a motion pending.

Plaintiff makes two claims against defendant Miller.  First, that he would not allow him to call, evidently at prison expense, his allegedly ill mother who was harnessed with the burden of caring for his mentally retarded adult aunt.  Secondly, that he would not allow plaintiff to receive everything contained in the monthly indigent care packages that other inmates received allegedly because he attended both Christian and Muslim religious services.

As noted in defendant's brief the Prison Litigation Reform Act dictates the granting of the motion.  42 U.S.C. § 1997e(e) provides that, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Plaintiff is not alleging any physical injury.  Rather, he seeks compensation for mental or emotional injury only.  It is therefore the recommendation of the undersigned that the pending motion to dismiss be granted.

When the undersigned initially decided to allow plaintiff to proceed on these claims it was not without reservation.  The order directing service upon this defendant (document # 10) contains the following language:

> As for the claims against Chaplain Miller, at this juncture it cannot be found that it is wholly without merit.  While it is by no means clear that plaintiff will ultimately prevail on the merits, construing the complaint liberally in favor of plaintiff this Court concludes that plaintiff has made sufficient allegations to survive frivolity review.

Given this Court's somewhat lenient history of allowing *pro se* litigants an opportunity to attempt to develop their claims the undersigned concluded that plaintiff should be allowed to proceed against this defendant.  This opportunity plaintiff has evidently elected not to pursue.

As stated by plaintiff, without more, his claims against defendant Miller do not rise to the level of constitutional violations.  In short he has failed to state a claim upon which relief may be granted which again results in a recommendation that the motion to dismiss be granted. Fed. R. Civ. P. 12(b)(6).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 13th day of January 2006.

/s/ Richard L. Hodge  
RICHARD L. HODGE  
UNITED STATES MAGISTRATE JUDGE